**Charles L. JONES, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3304.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 14, 2004.

Before MICHEL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Charles L. Jones ("Jones") seeks review of the decision of the Merit Systems Protection Board ("the Board"), affirming the decision of the Department of Veterans Affairs ("DVA") to remove Mr. Jones from his position of program support assistant. *Jones v. Dep't of Veterans Affairs,* No. NY–0752–02–0066–I–2 (M.S.P.B. July 16, 2002) (*"Initial Decision"*), *review denied, Jones v. Dep't of Veterans Affairs,* No. NY–0752–02–0066–I–2, 94 M.S.P.R. 482, 2003 WL 21685598 (M.S.P.B. July 14, 2003) (*"Final Order"*). Substantial evidence supports the Board's findings that Mr. Jones was removed for a number of serious disciplinary violations. The Board also properly considered Mr. Jones' defense under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101–12, 103 Stat. 16 (codified at various sections of 5 U.S.C.), and substantial evidence supports the Board's finding that the DVA would have terminated Mr. Jones absent his protected activity. Consequently, we *affirm.*

### BACKGROUND

Mr. Jones worked at a DVA medical center for approximately seven years. Be-

fore Mr. Jones was removed in October of 2001 the DVA issued a notice of removal to Mr. Jones setting forth ten charges related to three separate incidents of alleged misconduct. These incidents included verbal harassment of a patient, an altercation with a coworker and threats of physical violence made to a supervisor.

On August 24, 2001, Mr. Jones submitted a response to the notice of removal to the director of the DVA medical center. The director rendered a decision sustaining all the charges against Mr. Jones on September 10, 2001, and the petitioner was removed from his job effective October 26, 2001. Thereafter, Mr. Jones appealed his removal to the Board.

Before the Board, Mr. Jones contested the DVA's version of the incidents cited in the notice of removal. Mr. Jones also argued that he was being unlawfully removed because of protected disclosures he made under the WPA. These disclosures consisted of telephone calls and a written complaint that Mr. Jones had made to the Office of the Inspector General ("OIG") and the United States Office of Special Counsel ("OSC") in May and December of 2000, alleging that an illegal gambling operation was being conducted at the DVA medical center information desk.

After conducting a four-day hearing and hearing testimony from numerous witnesses, the Board affirmed the DVA's removal of Mr. Jones. *Initial Decision,* slip op. at 16. The Board sustained all but one of the charges against Mr. Jones, *id.* at 13,

and determined that removal was a reasonable penalty under the circumstances, *id.* at 16. The Board also rejected Mr. Jones' affirmative defense of retaliation for whistleblowing activity, finding that the DVA had proven by "clear and convincing evidence that it would have removed [Mr. Jones] in the absence of his disclosures." *Id.* at 15. The full Board denied review on July 14, 2003, and Mr. Jones timely sought review in this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We will affirm the Board's decision unless the petitioner establishes "that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence." *Kewley v. Dep't of Health and Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir.1998); 5 U.S.C. § 7703(c) (2000).

On appeal, the petitioner argues that the Board failed to consider and correctly apply the WPA (5 U.S.C. § 2302(b)(8)).[1] To establish a defense under section 2302(b)(8), Mr. Jones had to show that he made a protected disclosure that "was a contributing factor" in the DVA's decision to terminate him. *Kewley,* 153 F.3d at 1361. After such a showing was made, the burden shifted to the DVA to show "by clear and convincing evidence that it would

1. Section 2302(b)(8) provides in relevant part that the agency shall not:
(8) take or fail to take, or threaten to take or fail to take, a personnel action with respect to any employee or applicant for employment because of–
(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences–
(i) a violation of any law, rule, or regulation, or
(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.
5 U.S.C. § 2302(b)(8) (2000).

have taken the same personnel action in the absence of the disclosure." *Id.*

We hold that substantial evidence supports the Board's finding that the DVA would have removed Mr. Jones absent his disclosures to the OIC and OSC. The Board found that the petitioner's whistleblowing activities, including the telephone calls to the OIG and the written complaint filed with the OSC, were protected disclosures under section 2302(b)(8) and "[o]ne could find" they were a "contributing factor in the removal action." *Initial Decision,* slip op. at 15. However, the Board further found that the DVA had rebutted the petitioner's prima facie showing, establishing "by clear and convincing evidence that it would have removed [Mr. Jones] in the absence of his disclosures." *Id.* The Board explained that Mr. Mizrach, the DVA official who removed Mr. Jones, was not implicated in any of the petitioner's disclosures. *Id.* Moreover, the Board credited Mr. Mizrach's testimony that he did not consider the disclosures in removing Mr. Jones. *Id.* The Board found that even though the petitioner was not removed until six months after the last incident of misconduct, the delay was attributable to failed mediation efforts initiated by the OSC. *Id.*

The petitioner also raises numerous arguments generally challenging the credibility of the witness testimony relied upon by the Board. There has been no showing here that we should reject the Board's assessment of witness credibility. *See Hambsch v. Dep't of Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986) (holding that the credibility determinations by the Board are "virtually unreviewable"). In light of the above, we hold that the Board's finding that the DVA would have removed the petitioner absent his protected activity is supported by substantial evidence.[2]

Consequently, the decision of the Board is *affirmed.*

### COSTS

No costs.

---

**2.** The petitioner asserts for the first time on appeal that he was removed in retaliation for activity protected under 5 U.S.C. § 2302(b)(9). In this respect he relies on the same conduct (*i.e.,* his disclosures to the OIC and OSC) that form the basis of his defense under section 2302(b)(8). The petitioner's section 2302(b)(9) argument is thus defeated by the Board's findings in this case. The petitioner further urges that the Board "failed to apply Merit Protection 396." (Informal Br. of Petitioner at 1.) After reviewing the record before us we can ascertain neither the provision the petitioner relies on, nor the basis for this argument.